OPINION AND ORDER
A Notice of Appeal was timely filed herein by the Fort Peck Tribes on June 9, 2011. A briefing schedule was set. The matter is fully briefed. We affirm the Tribal Trial Court in accordance with the following.
Appellee Karl Eder was arrested on September 4, 2010 on the charge of Simple Assault of Berma Youpee in violation of Comprehensive Code of Justice, (“CCOJ”), Title VII, Section 231. Following review of the arresting officer’s report, the Tribes filed a Complaint charging Appellee Eder with Domestic Abuse in violation of CCOJ Title VII, Section 245. The reason for the change in charge was apparently because Appellee Eder and Ms. Youpee had cohabited in the past and were the parents of three (now adult) children.
On the day of Appellee Eder’s trial, he moved to dismiss the complaint based on his argument that the charge of Domestic Violence did not apply in this situation because he and Ms. Youpee were not living together and had not lived together for several years. The Tribal Trial Court agreed and dismissed the Complaint.
On appeal, the Tribes assert that Tribal Trial Court erred because the charge of Domestic Abuse does apply here. Sec. 245. Domestic abuse, provides:
A person who attempts by physical menace to put a family member or household member in fear of serious bodily harm, or by physical menace causes another to harm himselfiherself, is guilty of domestic abuse. For the purposes of this Section, “family member or household member” means a person residing with the accused, and ‘residing’ means a residence in that domicile of one 24 hour period or more.
The Tribes explain that prior to the amendment of the domestic abuse section in 2002, the definition of “family member” included a former spouse. The Tribes argue that Ms. Youpee could be considered Appellee Eder’s former spouse because of their former relationship. The Tribes also contend that the amendments to the Domestic Abuse provisions were intended to expand not reduce the persons covered by the section. Therefore, the definition of family member should be interpreted to include Ms. Youpee.
While the Tribes’ argument is reasonable, it is not clearly supported in the language of Section 245. To interpret the Section in accordance with the Tribes’ suggestions would take us beyond our scope of authority into the legislative arena.
Therefore, IT IS HEREBY ORDERED, that the decision of the Tribal Trial Court is affirmed.